UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOSEPH LUMPKIN,

        Plaintiffs,

v.

OFFICER CHAPMAN, *et al.*,

        Defendants.

Case No. C17-590-TSZ-JPD

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND

Plaintiff Robert Lumpkin has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleges violations of his constitutional rights arising out of his confinement in the City of Kent Corrections Facility. Plaintiff has also submitted two motions to amend his complaint in which he identifies new defendants and claims that he wishes to add to his original complaint. The Court, having reviewed plaintiff's complaint, and his motions to amend his complaint, hereby finds and ORDERS as follows:

(1) Plaintiff alleges in his complaint that his federal constitutional rights were violated when corrections officers failed to call the medical staff to remove taser darts which struck plaintiff after the three officers tased him for refusing to return to his cell. According to

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

plaintiff, the officers removed two of the darts, but "forgot" to remove the third dart which he discovered "hours" later after experiencing pain in his back.  Plaintiff also alleges in his complaint that he has been denied access to the outside yard, to a phone book, to cleaning supplies, and to the courts.  Finally, plaintiff alleges that he has been required to take showers while handcuffed and that he was not afforded a hearing prior to having sanctions imposed.

In the first of plaintiff's two motions to amend, plaintiff asserts that he has been denied mental health treatment at the Kent Corrections Facility.  (Dkt. 5 at 2.)  Plaintiff also complains that he is handcuffed whenever he is out of his cell which interferes with his ability to shower, to work out, to clean his cell, and to use the telephone.  (*Id*. at 2-3.)  Plaintiff contends that this constitutes cruel and unusual punishment.  (*See id*.)  In his second motion to amend, plaintiff again complains that he has been denied mental health treatment at the Kent Corrections Facility.  (Dkt. 6.)

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

(3) The Court declines to order that plaintiff's complaint be served on defendants because his complaint is deficient in the following respects:

(a) Plaintiff asserts that he was denied adequate medical care when corrections officers forgot to take out one of three taser darts which struck plaintiff during a use of force incident. Plaintiff also asserts that he was denied mental health treatment.

In order to establish a constitutional violation based on a claim of inadequate medical care, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component of the above standard is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the above standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

Plaintiff's claims of inadequate medical care do not meet the standard set forth above. To the extent plaintiff complains about the failure to timely remove the taser dart, the facts alleged by plaintiff suggest, at most, negligent conduct on the part of defendants. An "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. Plaintiff also fails to allege facts demonstrating that any harm he suffered as a result of the alleged inadequate medical care was sufficiently serious to implicate federal constitutional concerns.

(b) Plaintiff complains that he was denied "access to the media," in the form of a phone book, which prevented him from getting a lawyer "that I want to have to fight my case." Plaintiff does not complain that he was denied access to any lawyer, only to a lawyer of his choice. And, plaintiff doesn't explain what, if any, harm he suffered as a result of not being able to contact a lawyer of his choice. The facts alleged by plaintiff in relation to his denial of access to the media claim are insufficient to implicate federal constitutional concerns.

(c) Plaintiff asserts that he has been denied access to a law library during the course of his incarceration at the Kent Corrections Facility which violates his right to access the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause. *Id*. at

821. The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518 U.S. 343 (1996).

Plaintiff claims that he has pending cases and that he has been unable to prepare a defense because of the alleged denial of access to a law library. Plaintiff's claim is too conclusory at this juncture to implicate federal constitutional concerns. If plaintiff wishes to proceed with his access to courts claim he must alleged specific, detailed facts demonstrating that he suffered some actual injury to his right of access.

(d) Plaintiff complains that he has been confined in the segregation unit at the Kent Correctional Facility but has never been afforded a hearing. However, materials submitted by plaintiff in conjunction with his complaint indicate that he was placed in administrative segregation as a result of the classification process which occurred at the time he was booked into the facility. A prisoner does not have a liberty interest in a particular classification status. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). Thus, to the extent plaintiff seeks to challenge his classification at the facility, his claim does not appear to implicate federal constitutional concerns.

(5) Plaintiff may file an amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, or if plaintiff fails to correct the deficiencies identified in this Order, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(6) Plaintiff's motions to amend his complaint (Dkts. 5 and 6) are STRICKEN. Plaintiff's motions are defective in that plaintiff failed to sign either document. Moreover, a pleading may not be supplemented in the piecemeal fashion plaintiff has attempted through his motions to amend. If plaintiff wishes to proceed with this matter, he must submit a single pleading which sets forth all of his claims against all of the intended defendants.

(7) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Thomas S. Zilly.

DATED this 17th day of May, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6